SCOTT N. SCHOOLS (SC 9990)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

JEFFREY R. FINIGAN (CASBN 168285)
Assistant United States Attorney

450 Golden Gate Avenue
San Francisco, California  94102
Telephone: (415) 436-7232
Facsimile: (415) 436-7234
Email: jeffrey.finigan@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | Criminal Nos. CR 06-0790 CRB |
| ) | CR 07-0464 CRB |
| Plaintiff,              ) | |
| ) | |
| v.                               ) | **UNITED STATES' SENTENCING MEMORANDUM** |
| ) | |
| JEREMY CHRISTIAN BRICKNER,       ) | |
| ) | |
| Defendant.           ) | |

On July 24, 2007, the defendant pled guilty to count 1 of the indictment in Case No. CR 06-0790 CRB charging him with knowingly and falsely representing himself to be an officer, agent, and employee of the United States, and in such assumed character arresting and detaining K.T. and O.T., in violation of 18 U.S.C. § 913, and to count 1 of the indictment in Case No. CR 07-0464 CRB charging him with knowingly possessing a firearm that was shipped or transported from one state to another after having been convicted of a crime punishable by imprisonment by a term exceeding one year, in violation of 18 U.S.C. § 922(g).  The latter case was filed in the

Eastern District of California and was transferred here pursuant to Federal Rule of Criminal Procedure 20.

The Probation Department calculates a total offense level of 13 and a criminal history category IV. PSR ¶¶ 43 and 53. The resulting sentencing range for imprisonment is 24 to 30 months and Probation recommends a 28-month prison sentence with other enumerated sentencing conditions. PSR ¶ 79 and Sentencing Recommendation. The government calculates the defendant's total offense level to be 12, and the basis for the disparity with the PSR is that the government's position is that the offenses should group pursuant to Guideline §3D1.2(b) on the theory that the firearm, although not possessed at the specific time of the impersonation offense, was nevertheless "connected" to the impersonation offense as part of a common criminal objective as evidenced by the defendant's possession of a firearm during other similar instances. The firearm was also discovered in the defendant's Sacramento home upon execution of search warrant related to the impersonation offense. Accordingly, the government calculates the corresponding sentencing range to be 21-27 months. The parties entered into a Plea Agreement pursuant to FRCP 11(c)(1)(C) whereby the parties agreed that the prison portion of the defendant's sentence should be 21 months. Plea Agreement ¶8. The government therefore does not concur with Probation's recommendation of a 28-month sentence.

Regardless of the Court's decision on the grouping issue, the government's recommendation of 21 months under these circumstances is fair and reasonable pursuant to the Guidelines and 18 U.S.C. § 3553(a). The offenses are serious but did not include violence or monetary harm. Technically, K.T. and O.T. were potentially subject to detention or arrest based on their immigration statuses. It was the defendant's misrepresentation of himself as an ICE agent that turned his conduct into a federal crime. As for the firearm, although the defendant was not supposed to possess it, he alerted the agents conducting the search warrant at his home to the existence of the firearm and its whereabouts in a locked safe. The defendant has a significant criminal history but the 21-month sentence represents a substantial increase from the defendant's previous longest jail sentence of 150 days. PSR ¶ 47. The defendant enabled the United States Attorney's Offices and District Courts of the Northern and Eastern Districts to conserve

resources by foregoing trial and agreeing to plead guilty to both offenses in the NDCA. The 21-month sentence will provide just punishment for the offenses and the prohibition against employment as a bounty hunter of any kind will deter future similar conduct for approximately another 5 years. The sentence protects the public for the 21-month prison term plus the 3-year supervised release term, as the defendant can not act as a bounty hunter during that time period.

For these reasons, the government respectfully requests that the Court adopt the parties agreement pursuant to FRCP 11(c)(1)(C) and sentence the defendant to 21 months in prison in case CR 07-0464 CRB and 6 months in prison in case CR 06-0790 CRB (sentences to run concurrently) and to then impose the supervised release terms and other sentencing conditions as set forth in the PSR.[1]

DATED: December 5, 2007          Respectfully submitted,

                                 SCOTT N. SCHOOLS
                                 United States Attorney


                                 _____/s/_____
                                 JEFFREY R. FINIGAN
                                 Assistant United States Attorney

---

[1] The only other exception is that the government does not oppose voluntary surrender.